UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MARK HANNA | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 19-12436 |
| UNITED STATES OF AMERICA | SECTION "L"(1) |

## ORDER & REASONS

Before the Court is Defendant United States of America's Motion to Dismiss Based on Improper Venue. R. Doc. 16. The motion has not been opposed by Plaintiff by the mandated filing deadline. Accordingly, the Court now rules as follows.

I.     RELEVANT BACKGROUND

**A. Plaintiff's 2015 Action**

On December 18, 2015, Plaintiff filed suit in the United States District Court for the Western District of Louisiana against Secretary of State James LeBlanc, the Department of Public Safety and Corrections, and the Louisiana State Office of Motor Vehicles, seeking declaratory relief, as well as compensatory and punitive damages. *Hanna v. James LeBlanc, et al.*, No. 15-cv-2851 (W.D. La. filed December 18, 2015), R. Doc. 1. This 2015 lawsuit arose from the Office of Motor Vehicles' alleged refusal to reinstate Plaintiff's "Louisiana motor vehicle operator's license." *Id.* at ¶ 2. On November 7, 2016, Plaintiff moved to amend his complaint, *Hanna v. James LeBlanc, et al.*, R. Doc. 35, which the Court granted in part and denied in part. *Hanna v. James LeBlanc, et al.*, R. Doc. 44. Specifically, the District Court allowed Plaintiff to supplement his complaint with material facts supporting his § 1983 claim, but denied Plaintiff's request to add

1

various unidentified "Doe" defendants. *Id.* at 2. On May 18, 2017, Plaintiff's 2015 suit was dismissed based on defendants' motions to dismiss for failure to state a claim and for lack of jurisdiction. *Hanna v. James LeBlanc, et al.*, R. Doc. 116. Defendant LeBlanc was dismissed with prejudice and Defendants Louisiana Department of Public Safety and Corrections and the Office of Motor Vehicles were dismissed without prejudice. *Id.* at 1. On February 26, 2018, the Fifth Circuit affirmed the District Court's Judgment, *Hanna v. James LeBlanc, et al.*, R. Doc. 141, and on February 25, 2019, the United States Supreme Court denied Plaintiff's writ of certiorari, *Hanna v. James LeBlanc, et al.*, R. Doc. 156.

### B. Plaintiff's 2019 Actions

On August 7, 2019, Plaintiff filed a complaint pursuant to the Federal Tort Claims Act ("FTCA") in the United States District Court for the Middle District of Louisiana. *Hanna v. United States*, No. 19-cv-511 (M.D. La. filed August 7, 2019), R. Doc. 1. On August 9, 2019, the District Court determined that venue was not proper in the Middle District of Louisiana and *sua sponte* transferred the case to the Western District of Louisiana. R. Doc. 6-1 at 1. However, on September 3, 2019, Plaintiff moved to dismiss the Western District case without prejudice, stating that he "wont [sic] be able to manage the claim under the circumsta[]nces [sic] presented in [the] developments" of the case being transferred from the Middle District to the Western District. *Hanna v. United States*, No. 19-cv-1054 (W.D. La. filed August 9, 2019), R. Doc. 6. On September 4, 2019, the District Court granted Plaintiff's motion, dismissing his action without prejudice. *Hanna v. United States*, No. 19-cv-1054 (W.D. La. filed August 9, 2019), R. Doc. 7.

Plaintiff then filed a complaint in the Eastern District of Louisiana on September 30, 2019, which is identical to the complaint he filed in the Middle District of Louisiana, naming the United States as the defendant in an FTCA action. R. Doc. 6. On November 21, 2019, Plaintiff filed a

Motion to Amend/Correct Complaint to add four judges as defendants, named in their individual and official capacities. R. Doc. 13 at 1–2.

## II.  PRESENT MOTION

Defendant United States of America moves to dismiss this matter on the grounds of improper venue or, alternatively, to transfer the case to the Western District of Louisiana. R. Doc. 16 at 1. In support of this motion, Defendant contends that Plaintiff brought suit against Defendant under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, for the alleged negligent acts of a deputy clerk of court in the United States District Court for the Western District of Louisiana, and venue for these types of actions is proper where the alleged acts or omissions occurred, or where the plaintiff resides. R. Doc. 16 at 1. Defendant argues that because the alleged acts or omissions occurred in the Western District of Louisiana and when Plaintiff filed this suit, he resided at a correctional facility in the Western District of Louisiana, venue in the Eastern District of Louisiana is improper. R. Doc. 16 at 1. Therefore, Defendant asserts that Plaintiff's complaint must either be transferred to the Western District of Louisiana or dismissed. R. Doc. 16 at 1.

Plaintiff has not timely filed an opposition to this motion.

## III.  LAW AND ANALYSIS

Venue for tort actions against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Federal Rule of Civil Procedure 12(b)(3) permits parties to file for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). "A plaintiff must show facts that support the plaintiff's assertion of venue. In reviewing the allegations of a Rule 12(b)(3) motion, a court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Cabrales-Huerta v. United States*, No. SA-06-CV-878-WRF, 2007 WL 1512025, at *2 (W.D. Tex. May 18,

2007) (citing 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 (3d ed. 2004). A court hearing a motion to dismiss or transfer venue will generally first rule on the motion to transfer venue because a decision to transfer the case will render moot the motion for a Rule 12(b)(3) dismissal. *Id.* Pursuant to 28 U.S.C. § 1406(a), when a case is filed in the wrong venue, a district court should dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, under § 1406(a), "the Court should first determine the propriety of venue" and if venue is improper, the Court may conduct a transfer of venue analysis. *Cabrales-Huerta*, 2007 WL 1512025, at *2.

In this case, Plaintiff asserts a claim of respondeat superior liability for the alleged legal malpractice of "S. Crick," who Plaintiff alleges is a deputy clerk of court in the United States District Court for the Western District of Louisiana. R. Doc. 6, ¶¶ 6–20. Defendant argues that because all the alleged negligent acts of S. Crick occurred in the Western District of Louisiana and no nexus exists between "S. Crick or his allegedly negligent acts and the Eastern District of Louisiana," R. Doc. 16-1 at 4–5, venue for this tort action against the United States is improper in the Eastern District. Moreover, Defendant also contends that Plaintiff's signature block in his Complaint indicates he is incarcerated at the Winn Correctional Center in Homer, Louisiana, which is located in the Western District of Louisiana. R. Doc. 16-1 at 5.

As a preliminary matter, the Court notes that while Plaintiff was incarcerated in the Western District of Louisiana when he filed this action, he appears to be currently incarcerated in St. Gabriel, Louisiana, which is located in the Middle District of Louisiana. R. Doc. 3. Nevertheless, the allegedly negligent acts for which Plaintiff has brought suit against the United States all occurred in the Western District of Louisiana. The proper venue for this tort action

against the United States is thus either in the Middle District of Louisiana, "where the plaintiff resides," or the Western District of Louisiana, "wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Accordingly, the Court concludes that venue in the Eastern District of Louisiana is improper and it is in the "interest of justice" to transfer this case to the Western District of Louisiana, where the allegedly tortious or omissions occurred and where the relevant parties, such as "S. Crick," are present. *See* § 1406(a).

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss, R. Doc. 16, is **GRANTED IN PART**. The case is to be transferred to the Western District of Louisiana.

New Orleans, Louisiana, on this 6th day of January, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE